UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHIVA RENTAL, LLC, a California Limited Liability Company; HYPHY SMOKERS CLUB INC., a California Corporation;<br><br>　　　　Defendants. | No. 2:16-cv-02239-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

This lawsuit was brought by Plaintiff Scott Johnson ("Plaintiff") under the provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Acts, Cal. Civ. Code §§ 51-53, 54-54.8, (hereinafter "Unruh Act") on grounds that Defendant Hyphy Smokers Club, a store located in Stockton, California, contained barriers to access in contravention of both the ADA and the Unruh Act. Hyphy Smokers Club operated on

real property owned by Defendant Shiva Rental, LLC ("Shiva").

Presently before the Court is Plaintiff's Motion for Summary Judgment, made on grounds that Plaintiff is entitled, as a matter of law, to injunctive relief that Shiva provide accessible parking.[1] In addition, Plaintiff seeks statutory penalties against Defendant Shiva under the Unruh Act in the amount of $8,000.00. As set forth below, Plaintiff's Motion is GRANTED in part and DENIED in part.[2]

## BACKGROUND

Plaintiff is a quadriplegic who cannot walk, uses a wheelchair, and has significant manual dexterity impairments. Stmt. of Undisputed Facts ("SUF"), ECF No. 13-2, ¶ 1. He uses a specially equipped van with a lift to accommodate his wheelchair. On December 3, 2014, December 9, 2014, and December 14, 2014, Plaintiff claims he attempted to patronize the Hyphy Smokers Club store ("the Store"), located at 7170 West Lane in Stockton, California. Id. at ¶¶ 2-4. According to Plaintiff, at all relevant times the Store was operated on real property owned by Shiva. Id. at ¶ 3.

As he attempted to park on each of the above-enumerated visits, Plaintiff claims he found there was no van accessible parking space. Id. at ¶ 8. He further claims that the standard parking stalls and access aisles that were reserved for persons with disabilities were not accessible to him because they were not level such that he could exit his vehicle safely. Id. at ¶¶ 8-10, 14. Plaintiff also claims that the appropriate disability signage was not provided. Id. at ¶¶ 11-12. Ultimately, Plaintiff was able to park only in a non-disabled parking space where he had to leave his van lift deployed in

---

[1] Although the Hyphy Smokers Club was also named as a Defendant to this litigation, default was entered against Hyphy on October 24, 2016 (ECF No. 6). A stipulation was presented to set that default aside, but the Court's request (ECF No. 10) for a word processing version of the Order was never satisfied and Hyphy remains in default at this time. Hyphy is accordingly not a party to the motion presently before the Court.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

2

order to avoid being blocked by a neighboring car. Id. at ¶ 15.  Finally, once he actually approached the Store, Plaintiff found that the entrance door hardware was a panel style handle which he had difficulty using due to his manual dexterity impairments. Id. at ¶¶17-19.

Plaintiff states he attempted to return to the Store a fourth time, on January 20, 2015, but that his knowledge of the barriers deterred him from patronizing the establishment. Id. at ¶ 21.

Plaintiff's lawsuit was filed on September 21, 2016, nearly two years after he last attempted to visit the Store.  In the meantime, Plaintiff concedes that changes were made to the Store and its premises to improve accessibility. Id. at ¶ 22.  Those alterations were apparently commenced once Shiva received Plaintiff's Complaint and after it had the Store's accessibility issues evaluated. Decl. of Arun Patel, ECF No. 15-3, ¶¶ 2 4. As of July 28, 2017, however, when Plaintiff's expert, Gary Waters, conducted an inspection, continuing barriers to access were still identified.  First, according to Plaintiff, the newly constructed accessible parking spaces, together with the common access aisle, had slopes measuring up to 23.9 percent.  Second, Plaintiff continues to maintain that the signage is not legally compliant. Id. at ¶¶ 25-26.

Shiva, for its part, maintains that it did not realize that the parking lot repairs had not initially been completed properly and redid the work once the continuing shortcomings were identified. Patel Decl., ¶ 6.  Shiva has presented a declaration to that effect from Miki Miyaki, the Director of Operations at Kim R. Blackseth Interests, Inc., a company which provides disability assistance to property owners.  Mr. Miyaki's Declaration (ECF No. 15-4) attests to the fact that as of April 10, 2018, the subject property was fully compliant and that all previous barriers to access encountered by Plaintiff in December 2014 and January 2015 were no longer present. Miyaki Decl., ¶¶ 6, 13.

Plaintiff nonetheless moves for summary judgment on grounds that as of July 2016, the barriers to "handicap compliant parking" he had encountered still existed at the

3

Store's premises.  He argues that he has established, as a matter of law, the propriety of a declaratory judgment directing that those barriers be rectified as well as his entitlement statutory penalties under the Unruh Act.  Plaintiff therefore seeks injunctive relief for alleged parking impediments that Shiva, for its part, claims have already been remedied.  In addition, Plaintiff asks for statutory penalties totaling $8,000 under the Unruh Act at California Civil Code § 55.56 for two visits at $4,000 per violation, even though he claims he visited and/or was deterred from visiting the Store on four different occasions.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party

4

cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns,

leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)).

Plaintiff moves for summary judgment on grounds that the Store's non-accessible features, including the configuration of disabled parking and the provided signage, all impeded his ability to fully patronize the Store in contravention of the ADA. Plaintiff also moves for summary judgment as to his claim under the Unruh Civil Rights Act, which incorporates the provisions of the ADA by providing, in pertinent part, that: "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Civil Rights Act.

The ADA defines a person as disabled if, among other things, he has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. Id. § 12102(2)(A). Thus, because Plaintiff is a paraplegic, he is considered disabled within the meaning of the ADA. As a sales establishment, the Store is expressly identified under the ADA as a place of public accommodation. See id. § 12181(7)(E). To the extent the physical elements of a place of public accommodation impede access to people with disabilities, and provided the removal of such barriers to access are readily achievable, discrimination under the ADA is present. See 42 U.S.C. § 12182(b)(2)(A)(iv); Department of Justice, Technical Assistance Manual on the Americans with Disabilities Act (BNA) §§ III-4.4100 (1991).

The salient issue here is thus whether the Store contained barriers to access that

denied Plaintiff his right to patronize it as a place of public accommodation. Shiva in fact concedes that Plaintiff needed an accessible parking and access aisle in order to safely exit his van. ECF No. 15-2, ¶¶ 12-13. Defendant also admits that compliant spaces were not provided, and that adequate signage was not present, at the time of Plaintiff's December 3, 2014, December 9, 2014, and December 17, 2014 visits to the Store. Id. at ¶¶ 8-12. There is also no dispute that Plaintiff's disability made it difficult for him to utilize the entrance door given the panel style handle it employed. Id. at 17-19. Therefore, it is uncontroverted that Plaintiff encountered barriers in contravention of the ADA. Moreover, given his personal encounter to such barriers, Plaintiff is entitled to Unruh Act penalties under California Civil Code 55.56(b). Subdivision (b) of the statute contains no express reasonableness requirement, and although at some point repeated visits may become so high that equitable and constitutional constraints would bar the imposition of further penalties, seeking penalties for two visits does not trigger such concerns. See Yates v. Bacco, 2014 WL 1089101 at *15 (N.D. Cal. 2014).

It should also be noted that while Shiva maintains that it did not intentionally create barriers to access, that lack of intentional conduct does not excuse violations of the ADA, and through the ADA of the Unruh Act. A plaintiff who establishes ADA violations need not prove intentional discrimination to recover damages under the ADA or the Unruh Act. Munson v. Del Taco, 46 Cal. 4th 661, 678 (2009). Once Plaintiff encounters barriers to access, discrimination has occurred and a plaintiff is deemed to have actual notice that a defendant does not intend to comply with the ADA. Parr v. L&L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1081 (D. Haw. 2000).

The Court therefore determines that Plaintiff has established as a matter of law his entitlement to the $8,000 in damages sought under the Unruh Act. That leaves Plaintiff's remaining claim for injunctive relief, and whether Plaintiff is entitled to summary judgment as to his claim that Defendant Shiva must "provide accessible parking" at the Store. Pl.'s Notice of Mot., ECF No. 13, 2:2-3. Plaintiff contends that the parking falls short of ADA requirements because the common access aisle has slopes measuring up

to 23.9 percent (SUF No. 25), and because the signage is not compliant. SUF No. 26. In response, however, Defendant Shiva has produced evidence that all accessibility barriers have been removed. According to Defendant's accessibility consultant, the slope issues have been corrected such that they do not exceed 2 percent in any direction within the accessible parking spaces and access aisle. Miyaki Decl., ECF No. 15-4, ¶ 10. In addition, the required signage is now in place. Id. at ¶ 11.[3] Shiva's contentions in this regard raise, at a minimum, triable issues which preclude summary judgment as to Plaintiff's injunctive relief claim.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 13) is GRANTED in part and DENIED in part. Plaintiff is entitled to statutory penalties in the sum of $8,000 for the access barriers he encountered at the business establishment located on Defendant Shiva's property, and the Motion is GRANTED in that regard. The Motion is DENIED, however, as to Plaintiff's remaining request that summary judgment be granted as to his injunctive relief claim.

IT IS SO ORDERED.

DATED: November 5, 2018

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] It should also be noted that Plaintiff's claim that the signage is lacking appears to be belied by the photographs Plaintiff's expert, Garry Waters, attached to his November 16, 2017 Report (ECF No. 13-12). The placement of the required identification assessment is not unclear (see Photo DSCF7215), the admonition "No Parking" is painted on the surface of the access aisle (Photo DSCF7216), and the mandatory tow away sign including reclaim information was in fact provided. (DSCF7200, 7201, 7202).

8