UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SHIVA RENTAL, LLC, a California Limited Liability Company; HYPHY SMOKERS CLUB INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | No. 2:16-cv-02239-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through this suit, Plaintiff Scott Johnson sought damages and injunctive relief against Defendants Shiva Rental, LLC ("Shiva") and Hyphy Smokers Club, Inc. ("Hyphy") for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as well as California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Plaintiff claims he encountered various physical barriers when attempting to access the Hyphy Smokers Club, a store in Stockton, California, operated by Defendant Hyphy on premises owned by Defendant Shiva.

On October 24, 2016, the Court entered default as to Hyphy. ECF No. 6. The remaining Defendant, Shiva, answered Plaintiff's Complaint on December 29, 2016. ECF No. 11. Plaintiff thereafter moved for summary judgment on March 20, 2018 (ECF

No. 13), and by Memorandum and Order filed November 5, 2018 that Motion was granted in part and denied in part. The Court granted statutory damages against Shiva in the amount of $8,000 but found that triable issues of fact prevented summary adjudication as to Plaintiff's remaining claim for injunctive relief. Plaintiff and Shiva subsequently entered into a Consent Decree (ECF No. 24) that resolved all remaining issues presented by this litigation, including injunctive relief, with the only reserved issue being Plaintiff's entitlement to attorney's fees, which the parties agreed would be resolved through motion if the parties' attempt to settle the question of fees proved unsuccessful.[1] Id. at ¶ 11.

The present Motion for Attorney's Fees (ECF No. 25) was subsequently filed on April 12, 2019. That Motion will be GRANTED in part. Plaintiff is entitled to $7,120.00 in attorney's fees and $2,901.75 in litigation expenses.[2]

**STANDARD**

Both the ADA and Unruh Civil Rights Act permit the prevailing party in disability access litigation to recover reasonable attorney's fees and costs. Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. "[A] prevailing plaintiff under a statute so worded 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). Furthermore, violations of the

---

[1] Although the default taken against Defendant Hyphy was never reduced by Judgment, the Consent Decree purported to be "a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant (Shiva) **and any other parties** for (the remaining claim for) injunctive relief" (ECF No. 24, ¶ 7, emphasis added), and since that encompassed Plaintiff's remaining claims against Hyphy the case was closed on that basis.

[2] Because oral argument would not have been of material assistance, this matter has been submitted on the briefs. E.D. Cal. L.R. 230(g).

Unruh Civil Rights Act entitle a plaintiff to "any attorney's fees that may be determined by the court." Cal. Civ. Code § 52.

"A reasonable fee is that which is 'sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'" K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)). The court calculates the amount of attorney's fees by calculating a "lodestar" and "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." McCown v. City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." Hensley, 461 U.S. at 431. However, in calculating the lodestar, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown, 565 F.3d at 1102 (quoting Hensley, 461 U.S. at 434). Although district judges "need not, and should not, become green-eyeshade accountants," Fox v. Vice, 563 U.S. 826, 838 (2011), the court should provide some indication of how it arrived at its conclusions, see Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount.").

As a general rule, in determining the lodestar figure, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112. However, the party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." McCown, 565 F.3d at 1102. Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

Because the lodestar figure is presumptively reasonable, "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

**ANALYSIS**

Plaintiff's motion seeks $15,401.75 in attorney's fees and costs. Defendant Shiva challenges the amount sought on three bases: (1) the hourly rates being sought by Plaintiff's counsel are not reasonable, (2) the number of hours expended is unwarranted in some instances, and (3) the litigation expenses for which reimbursement is requested are not properly documented.

With respect to Shiva's first argument, Plaintiff's Reply concedes that it does not challenge the rates suggested by Shiva as reasonable: $300.00 per hour to Mark Potter, $250.00 per hour to Phyl Grace and $150.00 per hour as to the remaining lawyers who spent time on the case, with the exception of Chris Carson. Because Mr. Potter's declaration, which sets forth the basis of the hourly rates sought for members of his firm, says nothing about Ms. Carson's qualifications, Defendant objects to the single hour in charges made by Ms. Carson as unsubstantiated. While Plaintiff's Reply does set forth Ms. Carson's credentials, and argues that she is entitled to a $250.00 hourly rate, the court's review of the attorneys for whom Plaintiff has agreed to accept $150.00 in hourly compensation indicates that those attorneys are similarly situated to Ms. Carson such that the same $150.00 rate should apply.

Having established the reasonable hourly rates, the Court now addresses Defendant Shiva's remaining contentions. While Shiva takes issue with 4.3 hours of time entries made by Mr. Potter as being unreasonable, the Court declines to question

4

whether certain tasks performed by Mr. Potter could have been accomplished in less time or by junior members of his firm at a reduced cost.  With respect to time entries pertaining to Shiva's co-defendant, Hyphy, the Court agrees that those entries (on October 13, 21, 25 and 31, 2016, November 22 and 30, 2016, and December 6, 9, 20 and 27, 2016) are not subject to reimbursement and the calculations made below will not reflect them.  Finally, with regard to the 8.0 hours in estimated charges made by Mr. Potter for reviewing and drafting his Reply brief, and for attending the oral argument on the Motion itself, that entry is reduced to 2.0 hours since no hearing was conducted.

Pursuant to the above modifications, the appropriate lodestar award in this case is $7,120.00, with the following representing the Court's calculation as to the amount owed with respect to the various attorneys who worked on Plaintiff's case:

Mark Potter:  12.0 x $300/hour = $3,600.00

Phyl Grace:  2.8 x $250/hour = $700.00

Isabel Masanque:  3.4 x $150/hour = $510.00

Sara Gunderson:  10.0 x $150/hour = $1,500.00

Chris Seabock:  4.4 x $150/hour = $660.00

Chris Carson:  1.0 x $150/hour = $150.00

Given the "strong presumption . . . that the lodestar figure represents a reasonable fee," Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation omitted), and since neither Plaintiff nor Defendant Shiva seek a multiplier or reduction to the lodestar, no further adjustment to the lodestar is warranted.

Plaintiff also seeks $2,901.75 in litigation expenses.[3]  Defendant Shiva objects on grounds that the investigation and expert fees sought by Plaintiff are not properly documented.   Because Plaintiff's Reply documents the $1,982.00 in expert fees being sought, and because the Declaration of Mark Potter attests to the fact that investigation

---

[3] While Plaintiff's Motion on its face appears to seek only $880.00 in costs (Pl.'s Mot., ECF No. 25-1, 16:11-13), the charges offered to support that figure in fact total $2,901.75, and counsel's Billing Summary (Ex. 2 to the Potter Decl., ECF No. 25-2), reflects the correct $2,901.75 total.  That is accordingly the figure adopted by the Court herein.

fees totaling $400.00 were paid, the Court finds the $2,901.75 in litigation expenses requested by Plaintiff to be reasonable.

**CONCLUSION**

For the reasons provided above, Plaintiff's Motion for Attorney's Fees, ECF No. 25, is GRANTED in part.  Defendant Shiva shall pay Plaintiff $7,120.00 in attorney's fees and $2,901.75 in litigation expenses for a total of $10,021.75.  In addition to the $8,000.00 in statutory damages awarded by the Court's Memorandum and Order filed November 5, 2018 (ECF No. 17), and the injunctive relief required by the Consent Decree and Order of March 29, 2019 (ECF No. 24), the Clerk of Court shall now enter judgment that also requires payment of the aforementioned fees and expenses in the amount of $10,021.75.

IT IS SO ORDERED.

Dated:  August 8, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE